FRED W. JONES, Jr., Judge.
The unwed mother of a five-year-old appeals a judgment terminating her parental rights under La.R.S. 13:1601 D. We reverse and remand with directions.
When the child was about a year old, the State through the Department of Health and Human Resources (DHHR) cited the mother for 22 alleged instances of neglect. The mother filed an affidavit shortly thereafter agreeing that emotional and financial problems made her unable to care for the child. She expressly agreed that legal custody be placed in DHHR and that physical custody be placed in the child’s maternal grandmother. A judgment was signed to that effect on June 16, 1980.
Six months later, DHHR recommended to the court that temporary legal custody be given to the grandmother. The mother *1182 again agreed by affidavit. A judgment was signed to this effect on December 17, 1980.
In October 1981, the grandmother developed an ulcer which she attributed to the responsibility of caring for the child combined with the severe financial problems the family was experiencing resulting from the reduction in her husband’s earnings. On October 9, 1981, after an investigation, the grandmother voluntarily placed the child in temporary foster care under DHHR supervision pending further hearing scheduled 90 days later. On that hearing date (January 11,1982), the grandmother’s circumstances had not improved and the court awarded temporary custody of the child to DHHR.
On October 7, 1983, DHHR petitioned to terminate parental rights on grounds of neglect occurring during the first year of the child’s life, and on grounds of the mother’s failure to cooperate with DHHR, of her again being pregnant, and of her relationship with a cruel, drug-abusing boyfriend. By this time, however, the grandmother’s circumstances had greatly improved medically and financially. At the trial in December of 1983, the mother testified that she had ceased her relationship with the boyfriend who was in jail and that she was not then pregnant. The mother, with the active support of the grandmother, sought to maintain her parental rights, intending for her and the child to live with the grandmother whose fitness is not at issue.
DHHR proceeded under La.R.S. 13:1601 D. Under this section the State must prove that:
D. (1) The child has been in the custody of a child welfare department or other person, pursuant to a judicial order, for a period of at least one year.
(2) The child was removed from the custody of the parents by judicial order due to the parent’s abuse or neglect of the child.
(3) The parent is unfit to retain parental control and there is no reasonable expectation of reformation on the part of the parent or parents.
(4)The child is an abused or neglected child, the Department of Health and Human Resources has made every reasonable effort under the circumstances to reunite the child with his parents, and the department recommends that it would not be in the best interest of the child to be reunited with his parents.
This proof must be by “clear and convincing evidence.” La.R.S. 13:1603 A. This statute also provides that where the State has not met its evidentiary burden, “yet the child has been ... neglected,” the court shall order DHHR “to make a concerted effort to reunite parent ... and child, using any and all social services at its disposal” subject to semi-annual review by the court. La.R.S. 13:1603 B.
While it seems apparent that the mother on her own is not able to care for the child, the child has not been “neglected” in any sense after custody was placed with the grandmother in 1980. The mother had consented to this custody and both the mother and the grandmother desire to resume that arrangement. DHHR’s investigative reports of the grandmother’s home and the child’s welfare during the year and a half that the grandmother had the child were positive and recommended continuation of that relationship.
We recognize that the mother does not come close to being perfect, but find that she did visit and inquire about the child more frequently when the child was in the maternal grandmother’s home. Furthermore, the factors that led to the neglect of the child in the mother’s sole care four years ago would not be present in the grandmother’s home.
Under these circumstances, we must find that parental rights should not be forfeited because DHHR has not made every reasonable effort to reunite the child with the parent under La.R.S. 13:1601 D(4). We reverse the judgment terminating the mother’s parental rights and remand with directions that the trial court order DHHR to make the “concerted effort” required by *1183 R.S. 13:1603 B to reunite the mother and the child in the home of the grandmother subject to the review of the trial court as required by La.R.S. 13:1603 B(2).
Reversed and remanded with directions.